IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHEN CODY                                                                          PLAINTIFF

v.                              Civil No. 10-6014

RICK LOY, Jail Administrator;
RAY WINSFIELD, Chief Deputy;
RAYMOND MOORE, Jailer                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Stephen Cody filed this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On October 13, 2010, Defendants filed a motion for summary judgment (ECF Nos. 31, 32 & 33).  On October 26, 2010 (ECF No. 36), Plaintiff requested the Court's assistance by the preparation of a questionnaire in responding to the motion.  On October 28, 2010, Plaintiff filed a response (ECF No. 37) to the motion.  On July 19, 2011, a questionnaire was prepared and an order entered (ECF No. 47) directing Plaintiff to respond to the questionnaire by August 12, 2011.  Plaintiff has not responded to the questionnaire.

Plaintiff is currently incarcerated in the Maximum Security Unit of the Arkansas Department of Correction located in Tucker, Arkansas.  The events at issue in this case occurred while he was incarcerated in the Clark County Detention Center (CCDC).  Specifically, Plaintiff maintains that Defendants failed to protect him from attack by a fellow inmate, Chance Rutherford, on July 19, 2009.

**1.  Background**

Plaintiff was incarcerated at the CCDC from March 20, 2008, until July 27, 2009.  (ECF No. 6 at ¶ 1).  On July 19, 2009, Plaintiff maintains he was attacked by Chance Rutherford, a fellow inmate. (ECF No. 1 at pg. 1).[1]  At the time, Plaintiff was lying down on his bunk in his own cell.  *Id.*  Plaintiff was thrown to the floor and repeatedly kicked and punched.  *Id.*  He suffered injuries including having two teeth broken.  *Id.* at pgs. 1-2.

Prior to the attack, Plaintiff maintains he told the Defendants that he was in possible danger because he and Rutherford did not see eye to eye on many issues.  *Id.*  Specifically, he alleges he advised Jail Administrator Rick Loy, Chief Deputy Ray Winsfield, and Jailer Raymond Moore several times that he and Rutherford did not see eye to eye and that Rutherford wanted to assault him.  (ECF No. 6 at ¶ 3).  With respect to Winsfield and Loy, Plaintiff states he met with them in the library and advised them that he did not feel safe.  *Id.* at ¶ 4.  Plaintiff indicates Rutherford had a history of intimidating inmates and a history of picking fights.  *Id.*

In response to interrogatories, Plaintiff stated there were several altercations between himself and Rutherford prior to July 19th.  (ECF No. 32-1, Defendants' Exhibit A at No. 9).  On the first occasion, Plaintiff states they were playing cards when Rutherford just threw the deck in Plaintiff's face and began laughing.  *Id.*  Plaintiff advised Jailers Ray Moore and Chad Prince about this incident.  *Id.*  Plaintiff asked to be housed elsewhere but his request was denied.  *Id.*

The second incident occurred when Rutherford asked to use Plaintiff's cell in order to get better reception on his cell phone.  (ECF No. 32-1, Defendants' Exhibit A at No. 9).   Plaintiff indicates he refused because cell phones were contraband.  *Id.*  Rutherford then pushed Plaintiff

---

[1]In another case Plaintiff has pending in this district, Civil No. 6:09-cv-0626, Plaintiff brings a failure to protect claim based on a July 19, 2009, attack by Chance Rutherford, Michael Arnette, and David Alcala.  It is unclear whether he was involved in two attacks on July 19th or whether he just failed to mention the involvement of the other two inmates in this case.

against the wall and "foul-mouth[ed]" him.  *Id.*  Plaintiff states that all the Defendants were advised of this incident.  *Id.*

On July 20th, Moore indicated that when he was doing a jail check Plaintiff handed him a letter.  (ECF No. 32-2, Defendants' Exhibit B).  The letter stated Plaintiff was assaulted by Rutherford because he believed Plaintiff had told jail officials about a phone.  *Id.*  Plaintiff indicated his tooth chipped but that he did not need to see a doctor.  *Id.*  Plaintiff asked that Rutherford be moved to C-block.  *Id.*

Loy, by affidavit, asserts that Plaintiff "was a problem everywhere he was housed when he was incarcerated" at the CCDC.  (ECF No. 32-3, Defendants' Exhibit C at ¶ 4).  Loy asserts that prior to July 19, 2009, there was no history of any physical violence between Plaintiff and Rutherford. *Id.* at ¶ 5.  Loy did, however, recall Plaintiff coming to him sometime prior to July 19th and stating that Plaintiff and Rutherford were having problems.  *Id.* at ¶ 6.  Loy could not recall Plaintiff providing any specific facts regarding the problems between the two.  *Id.*  at ¶ 7.  Plaintiff did ask to be moved to another cell block.  *Id.* at ¶ 8.  However, the only cell block with space at that time was one Plaintiff had been moved out of for security reasons.  *Id.*   Loy did offer to place Plaintiff in isolation so that he would not be in contact with Rutherford.  *Id.*  Plaintiff refused.  *Id.* at ¶ 10.  As there was no history of physical violence between the two and Plaintiff refused the offer of being placed in isolation, Loy maintains he did not believe that Plaintiff's safety was at risk.  *Id.* at ¶ 11.

### 2.  Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a summary judgment motion, the Court cannot weigh the evidence or resolve disputed  issues of fact

in favor of the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"[A] disputed fact alone will not defeat summary judgment, rather there must be a genuine issue of material fact.  To be material, a fact must affect the outcome of the suit under the governing law."  *Torgerson v. City of Rochester*, 2011 WL 2135636, *16 (8th Cir. June 1, 2011)(internal quotation marks and citations omitted).

### 3. Arguments of the Parties

Defendants first argue they are entitled to summary judgment on any official capacity claims because the Plaintiff cannot show that the alleged constitutional violations are the result of any governmental custom or policy.  Second, Defendants argue the facts clearly show that they were not deliberately indifferent to Plaintiff's safety in relation to the assault that occurred on July 19, 2009.  They assert that the alleged prior incidents involving the throwing of cards and shoving were relatively minor incidents, common in a jail setting.  Given that there was no history of violence between the two and the fact that Plaintiff refused a move into isolation, Defendants maintain there is an insufficient factual basis to conclude that a serious assault was imminent or that the safety of either inmate was at risk.

In opposition, Plaintiff maintains there are genuine issues of material fact that preclude summary judgment in Defendants' favor.  Plaintiff denies that he was ever afforded an opportunity to be placed in isolation.  Plaintiff asserts that the attack occurred late in the evening on July 19th and that Moore was informed on the incident when he did rounds at midnight or 12:30 a.m.

### 4.  Discussion

"The Eighth Amendment requires officials to 'provide humane conditions of confinement' by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates." *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010)(*quoting Farmer v. Brennan*, 511 U.S. 825,

832 (1994)).   To prevail on a failure to protect claim, Plaintiff must show (1) that "he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm." *Schoelch*, 625 F.3d at 1046 (internal quotation marks and citation omitted).

The first requirement is an objective test. *Id.* "The deprivation is objectively, sufficiently serious [when] the official's failure to protect resulted in the inmate being incarcerated under conditions posing a substantial risk of serious harm." *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010)(internal quotation marks and citation omitted). "The second requirement is a subjective test; the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Schoelch*, 625 F.3d at 1046 (internal quotation marks and citation omitted).

In this case, I believe there are genuine issues of material fact on the individual capacity claims that preclude summary judgment in Defendants' favor.   Plaintiff maintains he advised the Defendants that Rutherford had made threats towards him including a threat to assault him. Furthermore, Plaintiff indicates he was involved in several conflicts and altercations with Rutherford prior to July 19th.   Plaintiff indicates he advised the Defendants of these incidents.   The only affidavit submitted by Defendants, that of Loy, indicates he knew that Plaintiff and Rutherford were having problems.   However, Loy asserts that there was no history of physical violence between the two.   Defendants do not indicate whether Rutherford had a history of getting into altercations.   Under the circumstances, I believe there are genuine issues of material fact.

Defendants are entitled to summary judgment on the official capacity claims.   A suit against the Defendants in their official capacities is the equivalent of a suit against Clark County.

*Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007).  Clark County cannot be held liable for the acts of its employees unless those acts were carried out pursuant to a Clark County policy or custom.  *Id.* Plaintiff has not identified any governmental policy or custom that caused his injury.  *Id.*

### 5.  Conclusion

For the reasons stated, I recommend the Defendants' motion for summary judgment (ECF No. 31) be granted in part and denied in part.  Specifically, I recommend the motion be granted with respect to all official capacity claims.  The issue of whether this case should be consolidated with Plaintiff's two other pending cases will be addressed in a separate order.

The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **25th day of August 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE